UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL LYNN BARRETT,

      Plaintiff,

v.

OFFICER SHELLY, et al.,

      Defendants.

Case No. 23-11609
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF THE FILING FEE [2],
PARTIALLY DISMISSING COMPLAINT [1], AND DENYING
PLAINTIFF'S REQUEST FOR AN AFFIDAVIT OF PREJUDICE [4]**

---

Daniel Barrett filed suit under 42 U.S.C. § 1983 against Shiawassee County, four named police officers, and John Does 1 to infinity. (ECF No. 1, PageID.1.) These are the full extent of his factual allegations:

> I was sleeping in my truck. I was pulled from my truck and arrested because they found a gun in my truck. They opened the door and pulled me out of my truck while I was sleeping in my truck, in violation of my 4, 8, 14 Amendment rights. . . . I was sleeping in my truck behind my brother's trailor [sic] when I was pulled out of my truck and arrested after they found a gun in my truck that I had no idea it was there. The officers opened my truck door and pulled me from my truck while I was sleeping in my truck.

(ECF No. 1, PageID.5, 8.)

For the reasons that follow, the Court will grant Barrett's motion to proceed without prepayment of the filing fee (ECF No. 2), summarily dismiss his Eighth and Fourteenth Amendment claims, and summarily dismiss Shiawassee County and the John Doe Defendants. The Court will also deny Barrett's request for an affidavit of

prejudice. (ECF No. 4.) His Fourth Amendment claim against the named Defendants may proceed.

## I.

Along with his complaint, Barrett filed an application to proceed without prepayment of fees or costs. (ECF Nos. 2, 3.) Under 28 U.S.C. § 1915(a)(1), the Court may authorize commencement of an action without prepayment of fees and costs if the plaintiff demonstrates that he cannot pay such fees. Barrett states that he has limited means and significant child-support arrearages. (ECF No. 2.) The Court finds that Barrett is thus entitled to proceed in forma pauperis and grants his application. *See* 28 U.S.C. § 1915(a)(1).

## II.

When a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but they must "raise a right to relief above the speculative

level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). What is plausible is "a context-specific task" requiring this Court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

And although a pro se litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). In other words, pro se complaints "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. 2011).

### III. Factual Deficiencies

It is a basic pleading requirement that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (explaining that a complaint must give the defendant "fair notice" of the claim against him and the "grounds upon which it rests"). Where a person is named as a defendant without an allegation of specific misconduct, the claims against him must be dismissed. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x. 188, 190 (6th Cir. 2004) (dismissing pro se complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (similar).

Here, though Barrett sues an infinite number of John Doe Defendants, the complaint contains no factual allegations against any John Doe. (*See generally* ECF No. 1.) Thus, all claims against the John Doe Defendants will be dismissed.

### IV. Legal Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that establish "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *See Doe on behalf of Doe #2 v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 35 F.4th 459, 468 (6th Cir. 2022).

Barrett brings claims under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as a *Monell* claim. The Court will take each in turn.

### A.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." "Before entering private property, officers customarily must obtain a valid warrant to ensure that any search and seizure is not 'unreasonable.'" *United States v. Morgan*, 71 F.4th 540, 543 (6th Cir. 2023). But there are many exceptions to this general rule. This is especially true when officers search automobiles, which are "readily mobile, potentially dangerous, and heavily regulated." *See id.* For example, if officers are lawfully in a position where they can see contraband in plain view inside an automobile, they may act without a warrant. *See United States v. Galaviz*, 645 F.3d

347, 354–57 (6th Cir. 2011). In addition, officers can search an automobile without a warrant if they have probable cause to believe it contains evidence of a crime, and they can stop an automobile in a "community caretaking" function to see if the occupant is in distress and requires aid. *See Morgan*, 71 F.4th at 543. Even so, the community-caretaking function "generally do[es] not permit the unannounced opening of a car door." *Id.* at 545.

The unannounced opening of a car door—without more—is precisely what Barrett alleges here. (ECF No. 1, PageID.8.) Because there are no facts to suggest that an exception to the warrant requirement applies, Barrett has plausibly alleged a Fourth Amendment violation. *See Morgan*, 71 F.4th at 545.

However, additional facts could reveal that the officers' actions were reasonable. For example, if the officers had tried "turning on the police car's emergency lights; shining a flashlight into [Barrett's] face; calling out to [him]; or knocking on the window" before opening the door, that would probably not violate the Fourth Amendment. *Id.* Or if the officers were lawfully in a position to see the gun in plain view in Barrett's truck, opening the door would probably not violate the Fourth Amendment either. *See Galaviz*, 645 F.3d at 354 (explaining that seeing a gun in plain view inside an automobile can provide probable cause that Mich. Comp. Laws § 750.227 had been violated). Finally, if Barrett was convicted in state court because of the search, he might be barred from challenging the search in a civil suit under

*Heck v. Humphrey*.[1] *See* 512 U.S. 477, 486 (1994) (holding that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,]" a court must dismiss the claim "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *Holson v. Good*, 579 F. App'x 363, 365 (6th Cir. 2014) (applying *Heck* bar to Fourth Amendment claim challenging a search that produced evidence essential to plaintiff's state-court conviction).

So for now, the Fourth Amendment claim can proceed.

## B.

The Eighth Amendment directs that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." It applies "only to those individuals who have been tried, convicted, and sentenced." *Richko v. Wayne Cnty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)).

Barrett has not plausibly pled an Eighth Amendment claim. For one, nothing in the complaint suggests that Barrett was subject to bail, fines, or punishment of any kind. For two, at the time that Barrett was pulled from his truck, he was obviously not a detained convict. (*See generally* ECF No. 1.)

Thus, the Eighth Amendment claim will be dismissed.

---

[1] Indeed, it seems likely that the *Heck* bar will apply here. A review of the Michigan Department of Corrections' Offender Tracking Information System reveals that Barrett recently pled guilty to a violation of Mich. Comp. Laws § 750.227. *See* Mich. Dep't of Corr. Offender Tracking Information Sys., No. 757888, *available at* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=757888. But because the complaint lacks any details connecting that conviction to this incident, the Court will not consider the *Heck* bar at this time.

**C.**

Barrett also claims that the officers violated the Fourteenth Amendment when they opened his car door and pulled him out. (ECF No. 1, PageID.5.) Though he does not identify any specific provision of the Fourteenth Amendment that he believes was violated, the Court assumes he is making a substantive due process claim.

The Supreme Court has made clear that where a particular amendment "provides an explicit textual source of constitutional protection . . . that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing" the claim. *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*, 560 U.S. 702, 721 (2010) (internal quotation marks omitted). Because the Fourth Amendment protects Barrett from unreasonable searches and seizures, the Fourteenth Amendment's Due Process Clause does not apply here.

So the Fourteenth Amendment claim will be dismissed, too.

**D.**

Barrett lists Shiawassee County as a defendant, but he makes no allegations that it acted unlawfully. This omission leads the Court to believe that Barrett is suing the County under a "*respondeat superior*" theory of liability—i.e., he is suing the County simply because it employed officers who acted unlawfully.

"A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Instead, a local government can only be sued under § 1983 if the plaintiff shows "both that he suffered an injury *and* that the alleged violation was

7

caused by the [local government's] policy or custom." *Novak v. City of Parma, Ohio*, 33 F.4th 296, 309 (6th Cir. 2022). Barrett failed to tie his alleged constitutional injury to any Shiawassee County policy or custom.

Accordingly, the *Monell* claim—and thus Shiawassee County—will be dismissed.

## V.

After Barrett filed the complaint, he submitted a "request for affidavit of prejudice." (ECF No. 4.) Barrett does not cite any legal authority for this type of request, and the Court is not familiar with it.

Nonetheless, the request describes alleged abuse that Barrett has suffered at the hands of his wife, "Mathew Stwert," and the "Shiawasee, MI legal team." (*Id.* at 13–14.) None of those individuals were named as defendants in this case, so it is not clear how these allegations are relevant. (*See* ECF No. 1.)

Even if they were named as defendants, it seems unlikely that Barrett could state a claim against them. *See* 28 U.S.C. § 1915. For one, Barrett's wife is not a state actor subject to suit under § 1983. *See Kelm v. Hyatt*, 44 F.3d 415, 422 (6th Cir. 1995) (concluding that plaintiff's wife was not a state actor under § 1983 after considering various legal tests). And the Court assumes that "Mathew Stwert" refers to Judge Matthew Stewart, who sits on Michigan's 35th Judicial Court and is apparently overseeing a criminal case against Barrett. (*See* ECF No. 4, PageID.15 (explaining that Barrett does not "feel safe in [Stewart's] courtroom").) Judge Stewart is a state actor, but he is protected from this suit by absolute judicial immunity. *See DePiero v.*

8

*City of Macedonia*, 180 F.3d 770, 783 (6th Cir. 1999) ("Judges are generally absolutely immune from civil suits for money damages, including § 1983 suits."). There are two narrow exceptions to judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). But neither exception applies in this case, as Judge Stewart was acting in connection with Barrett's criminal case. Finally, the "Shiawasee, MI legal team"—whether it be the prosecution or defense in his criminal case—is probably not subject to suit here. *See Prince v. Hicks*, 198 F.3d 607, 611 (6th Cir. 1999) ("A prosecutor is entitled to absolute immunity when that prosecutor acts 'as an advocate for the State' and engages in activity that is 'intimately associated with the judicial phase of the criminal process.'" (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430–31 (1976)); *Polk County v. Dodson,* 454 U.S. 312, 329 (1981) (holding that an attorney employed by the state, such as a public defender, does not have a sufficient relationship to act "under color of state law within the meaning of § 1983"). So to extent that this filing attempted to amend the complaint, it failed to state a claim against any new defendants.

Accordingly, the Court will deny this request. (ECF No. 4.)

## VI.

In sum, the Court GRANTS Barrett's application to proceed in forma pauperis (ECF No. 2), and DISMISSES the John Doe Defendants, Shiawassee County, the

*Monell* claim, and the Eighth and Fourteenth Amendment claims. And the Court DENIES Barrett's request for an affidavit of prejudice. (ECF No. 4.).

The Fourth Amendment claim against the named Defendants may proceed. The United States Marshal is DIRECTED to serve the remaining Defendants.

SO ORDERED.

Dated: August 2, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE