UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL LYNN BARRETT,

    Plaintiff,

v.

OFFICER SHELLY, et al.,

    Defendants.

Case No. 23-11609
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING PLAINTIFF'S REQUEST [8] AND DENYING PLAINTIFF'S MOTION TO EXTEND, TO ADD A PARTY, AND TO APPOINT COUNSEL [9]**

In July 2023, Daniel Barrett filed this pro se suit under 42 U.S.C. § 1983, alleging that Shiawassee County, four named police officers, and John Does 1 to infinity violated many of his constitutional rights. (*See* ECF No. 1.) After granting Barrett leave to proceed in forma pauperis and screening the complaint pursuant to 28 U.S.C. § 1915, only a Fourth Amendment claim against the named officers survived. (*See generally* ECF No. 5.) Those officers have not yet been served. (*See* ECF No. 10 (Summons issued on August 17).)

Since the case was screened, Barrett filed a request to appoint counsel (ECF No. 8), and a motion to extend, to add a defendant, and to appoint counsel (ECF No. 9). For the reasons that follow, the Court will deny the request and motion.

## I.

Start with Barrett's requests for court-appointed counsel. (ECF Nos. 8, 9.) Barrett does not specifically explain why he needs court-appointed counsel, but he does reference his indigence and incarceration.

"Appointment of counsel in a civil case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Indeed, it is "the rare civil case in which a court must provide a party an attorney, and only 'exceptional circumstances' require deviating from this rule." *See Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d at 606). The decision to appoint counsel is within the discretion of the court, and courts should appoint counsel only when the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (per curiam).

This is not an extraordinary case requiring the appointment of counsel. For one, "indigence alone . . . is not an exceptional circumstance." *Buchanan v. Lee*, 618 F. Supp. 3d 707, 712 (M.D. Tenn. 2022). For two, incarcerated plaintiffs "routinely" litigate § 1983 actions "on their own." *Turbin v. Secure Care, Inc.*, No. 10-14449, 2012 WL 706449, at *5 (E.D. Mich. Mar. 5, 2012). And finally, the Court does not believe that this case is so complex as to require appointed counsel. *See, e.g.*, *Smith v. Stephens*, No. 2:10-CV-13763, 2010 WL 10189447, at *3 (E.D. Mich. Nov. 15, 2010) (concluding that case was not so complex as to require appointed counsel when incarcerated plaintiff was litigating "ten counts of constitutional and state tort

violations by six defendants"). So Barrett's request and motion to appoint counsel are denied. (ECF Nos. 8, 9.)

## II.

Next, Barrett asks the Court to "add Shiawassee County to the lawsuit." (ECF No. 9, PageID.39.) He also references various claims he wishes to add against non-parties to this case. (ECF No. 8, PageID.37.) The Court understands this to be a request for leave to amend the complaint.

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course within "21 days after serving it." Because the complaint has not been served, Barrett does not need the Court's permission to amend it.

Nonetheless, the Court notes that many of the claims and parties that Barrett references in his request have already been dismissed. (*See generally* ECF No. 5 (explaining that Barrett failed to state a claim against infinite John Does, Shiawassee County, Barrett's wife, a state-court judge, and various attorneys in his state-court criminal case).) Barrett is advised to review that order and acquaint himself with the relevant legal standard before filing an amended complaint.

Nonetheless, because Barrett can amend his complaint without the Court's permission, his request for leave to amend the complaint is denied as moot.

## III.

Finally, Barrett requests an "extension" because "Shiawassee County Jail is holding [him] longer than his jail time [and is] . . . holding [his] mail." (ECF No. 9, PageID.39.)

Because Defendants have not been served and have not yet filed an answer, there are no deadlines that the Court could extend at the present moment. *See* Fed. R. Civ. P. 12. Thus, Barrett's request for an extension is denied as moot. (ECF No. 9.)

**IV.**

For the foregoing reasons, Barrett's request to appoint counsel (ECF No. 8), and motion to extend, to add defendants, and to appoint counsel (ECF No. 9) are DENIED.

SO ORDERED.

Dated: August 30, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE